******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## PAUL LAIUPPA *v.* MARY MORITZ
## (SC 20798)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Ecker, Alexander and Dannehy, Js.

*Syllabus*

The plaintiff, who had sought to recover damages from the defendant for her alleged negligence in connection with a motor vehicle accident, appealed from the judgment of the Appellate Court, which upheld the trial court's granting of the defendant's motion for summary judgment and affirmed the trial court's judgment. The plaintiff claimed that the Appellate Court incorrectly concluded that the present action was not saved by the accidental failure of suit statute (§ 52-592) because his original action, which previously had been dismissed for insufficient service of process, was not commenced within the time limited by law, as required by § 52-592 (a). *Held*:

An action is "commenced" for purposes of § 52-592 (a) when a defendant has actual or effective notice that the action is pending through the defendant's receipt of the summons and complaint within the time permitted by law, even if such process was improperly served.

The plaintiff failed to establish that the defendant had actual or effective notice of the original action sufficient to commence the action for purposes of § 52-592 (a), as there was no evidence establishing that the defendant or her designated agent had received the summons and complaint within the time limited by law.

(*Two justices dissenting in one opinion*)

Argued December 13, 2023—officially released August 16, 2024*

*Procedural History*

Action to recover damages for the defendant's alleged negligence, brought to the Superior Court in the judicial district of Hartford, where the court, *Hon. A. Susan Peck*, judge trial referee, granted the defendant's motion for summary judgment and, exercising the powers of the Superior Court, rendered judgment thereon, from which the plaintiff appealed to the Appellate Court, *Elgo* and *Flynn*, *Js.*, with *Cradle*, *J.*, concurring in the result, which affirmed the trial court's judgment, and

---

* August 16, 2024, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*John L. Bonee III*, with whom was *Jesse A. Mangiardi*, for the appellant (plaintiff).

*Bridget M. Ciarlo*, for the appellee (defendant).

*Opinion*

MULLINS, J. This certified appeal requires us to construe General Statutes § 52-592, the accidental failure of suit statute, in order to determine whether the plaintiff, Paul Laiuppa, commenced his underlying civil action within the time limited by law. The plaintiff appeals from the judgment of the Appellate Court, which affirmed the trial court's decision to grant the motion for summary judgment filed by the defendant, Mary Moritz, on the ground that the original action was not "commenced within the time limited by law," as required by § 52-592 (a). On appeal, the plaintiff claims that the Appellate Court incorrectly concluded that the action was not "commenced" for purposes of § 52-592 (a) on the ground that the defendant did not receive a copy of the summons and complaint within the time period prescribed by the statute of limitations. We affirm the judgment of the Appellate Court.

This case arises from a motor vehicle accident between the plaintiff and the defendant. The accident took place on June 21, 2016. On the date of the accident, the defendant resided at the address listed on her driver's license that she presented to the police after the accident occurred—168 Turkey Hills Road in East Granby (property). Although she had continued to reside at the property for approximately eighteen months following the accident, on December 19, 2017, she became hospitalized. The defendant previously had granted Patricia A. M. Vinci the power to act on her behalf under a general power of attorney, which Vinci began exercis-

ing on December 20, 2017. Immediately following her hospitalization, the defendant moved to a nursing home facility in Windsor. Then, in January, 2018, the defendant relocated to another facility in Rhode Island; she never again resided at the property. On June 4, 2018, acting through Vinci, the defendant signed the necessary documents for the sale of the property. The sale closed on June 8, 2018, and the deed was recorded in the East Granby land records on June 11, 2018.

Several days after the deed was recorded, on June 14 or 15, 2018, the plaintiff attempted to commence a civil action (original action) against the defendant in connection with the motor vehicle accident by delivering the writ, summons and complaint to a Connecticut state marshal with direction to serve the defendant. The marshal was directed to serve the defendant at the property. Under the applicable statutes, the marshal had until no later than July 15, 2018, to effect service of process on the defendant.[1] Unbeknownst to the plaintiff

---

[1] General Statutes (Rev. to 2015) § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ." Therefore, under that statute, the plaintiff's cause of action accrued on June 21, 2016, the date of the accident. As a result, the original action had to be brought by June 21, 2018, which would be within two years of the injury.

However, the marshal, during his deposition, indicated that the plaintiff's attorney had delivered the process to him prior to that date, on either June 14 or 15, 2018. Even if we assume that process was delivered to the marshal on the later date, under General Statutes § 52-593a (a), the marshal had until July 15, 2018, to effect service of process on the defendant. See General Statutes § 52-593a (a) ("a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to a state marshal, constable or other proper officer within such time and the process is served, as provided by law, within thirty days of the delivery"). Correspondingly, so long as the defendant received actual notice of the original action by July 15, 2018, the plaintiff would have commenced the action within the time permitted by law. See, e.g., *Dorry* v. *Garden*, 313 Conn. 516, 534, 98 A.3d 55 (2014) ("if a defendant has actual notice within the thirty days in

and his attorney, however, the defendant no longer resided at the property.

Nevertheless, on June 18, 2018, the marshal left a copy of the summons and complaint at the property. The property appeared to be inhabited, and there were no obvious signs that it had been abandoned or recently sold. At that time, the website of the assessor's office for the town of East Granby still listed the defendant as the owner of the property, and the property was the defendant's last known address on file with the Department of Motor Vehicles. Thereafter, the plaintiff's attorney filed the summons and complaint with the Superior Court.

At some point prior to July 3, 2018, the plaintiff's attorney notified the defendant's automobile insurance company about the pending action and forwarded the insurance company a copy of the summons and complaint.[2] On July 3, 2018, an attorney appointed by the defendant's automobile insurance company filed an appearance on the defendant's behalf. Thereafter, the defendant's attorney filed interrogatories, requests for production of documents, and a motion for permission to file supplemental discovery.

Vinci first learned of the matter on July 13, 2018, by way of a letter dated July 5, 2018, sent by the defendant's

§ 52-593a for a marshal to make service, the savings statute would operate to save the claim").

[2] The plaintiff submitted an affidavit of David Nielsen, who was employed by the law firm that represented the plaintiff to work on the plaintiff's personal injury file. Nielsen averred that he communicated with a representative from the defendant's automobile insurance company and that, sometime after he prepared the summons and complaint and sent those documents to the marshal for service, he sent a courtesy copy of the summons and complaint to the insurance company representative. Nielsen did not indicate the date on which he sent a copy of the summons and complaint to the insurance company. But, because an attorney appointed by the defendant's automobile insurance company signed an appearance form on behalf of the defendant on July 2, 2018, the insurance company must have been notified of the complaint in the original action on or before that date.

automobile insurance carrier. Vinci averred that the letter "pertained to the [automobile] insurance carrier's reservation of rights with respect to one of the claims made against . . . the defendant. . . . A copy of the summons and complaint was not enclosed with the letter dated July 5, 2018." The reservation of rights letter was not submitted in connection with the summary judgment motion or the opposition and is not, therefore, in the record before us. Vinci did not receive a copy of the summons and complaint until July 17, 2018, which was at least two days beyond the time permitted by law. See footnote 1 of this opinion.

The defendant filed a motion to dismiss the complaint on the ground that the service of process was not sufficient and, therefore, that the trial court lacked personal jurisdiction over her. More specifically, the defendant claimed that the attempted abode service by the marshal on June 18, 2018, was defective because the defendant did not reside at the property on that date and she never received a copy of the summons and complaint. The trial court granted the defendant's motion to dismiss, concluding that the plaintiff's attempted abode service was legally defective because the defendant was no longer residing at the property at the time service was attempted.[3]

The plaintiff then filed the present action pursuant to § 52-592. The defendant filed an answer and a special defense in response, and, in her special defense, she asserted that the plaintiff's action was barred by the statute of limitations in General Statutes (Rev. to 2015) § 52-584. Thereafter, the defendant filed a motion for summary judgment. In that motion, the defendant asserted that there was no genuine issue of material

---

[3] The plaintiff did not appeal from the judgment dismissing the original action. Therefore, the propriety of the trial court's decision on the motion to dismiss is not before this court.

fact regarding the fact that the plaintiff's original action was not "commenced within the time limited by law" for purposes of § 52-592 (a). Ultimately, the trial court concluded that the "undisputed facts [show] . . . that the defendant [and Vinci] did not receive effective, timely notice of the plaintiff's underlying [action]."

The trial court further found that "the defendant did not have actual notice within thirty days of delivery of the writ, summons and complaint to the marshal. In the reply to the plaintiff's objection to the motion for summary judgment, the defendant included the deposition of the marshal who attempted service in the original action. The marshal stated [that] he received the writ, summons and complaint on June 14 or 15, 2018. . . . General Statutes § 52-593a grants a marshal thirty days to make service if process is delivered to the marshal within the statute of limitations. . . . The uncontested facts show that [Vinci] received a copy of the summons and complaint on July 17, 2018, which is outside the thirty days granted by § 52-593a. Without deciding whether notice to [an agent] is effective [on] the principal, [the trial court concluded that] the notice in the [original] action was not sufficient to commence [that] action within the meaning of § 52-592." (Citation omitted; footnote omitted.) Accordingly, the trial court granted the defendant's motion for summary judgment and rendered judgment for the defendant.[4]

---

[4] The trial court initially denied the defendant's motion for summary judgment on the basis that there was a genuine issue of material fact as to whether the defendant had received actual and timely notice and was "on notice of the plaintiff's [original] action" because Vinci "learned of [that action] no later than July 13, 2018." The defendant filed a motion to reargue. After hearing argument from both parties, the trial court granted the motion to reargue, vacated its prior ruling, and granted the defendant's motion for summary judgment. Relying on case law, the trial court concluded that the defendant did not receive timely notice of the complaint because Vinci did not receive a copy of the summons and complaint until at least two days after the time limited by law.

The plaintiff appealed from the judgment of the trial court to the Appellate Court. On appeal, the plaintiff claimed that the trial court incorrectly had concluded that no "genuine issue of material fact exist[ed] as to whether the first action was 'commenced within the time limited by law,' as required by § 52-592 [a]."[5] *Laiuppa* v. *Moritz*, 216 Conn. App. 344, 355, 285 A.3d 391 (2022). Relying on a recent decision, *Kinity* v. *US Bancorp*, 212 Conn. App. 791, 852, 277 A.3d 200 (2022), a majority of the Appellate Court explained that "[t]he critical question, then, is whether the plaintiff in the present case provided the court with any evidence to demonstrate the existence of a genuine issue of material fact as to whether the defendant had actual or effective notice of the original action by way of receipt of the summons and complaint within the applicable limitation period." (Internal quotation marks omitted.) *Laiuppa* v. *Moritz*, supra, 365.

The Appellate Court majority then reasoned that, because the plaintiff failed to provide any evidence that the defendant herself or Vinci had received a copy of the summons and complaint within the time limited by law, there was no genuine issue of material fact as to whether the defendant had actual or effective notice for purposes of § 52-592.[6] See id., 365–73. Accordingly, the Appellate Court affirmed the judgment of the trial court. See id., 347, 376. Judge Cradle concurred, concluding that she disagreed with such a narrow interpre-

---

[5] On appeal to the Appellate Court, "[t]he plaintiff also claim[ed] that the [trial] court [had] abused its discretion in granting the defendant's motion to reargue." *Laiuppa* v. *Moritz*, 216 Conn. App. 344, 373, 285 A.3d 391 (2022). The Appellate Court concluded that the trial court had not abused its discretion in granting the motion to reargue. Id., 373, 375–76. That issue is not before us.

[6] For purposes of its analysis, the Appellate Court assumed, without deciding, that "notice provided to a defendant's attorney-in-fact may be imputed to the defendant so as to constitute the commencement of an action pursuant to § 52-592." *Laiuppa* v. *Moritz*, supra, 216 Conn. App. 366 n.15.

tation of the statute and that receipt of the summons and complaint should not be the exclusive means by which an action may be commenced for purposes of § 52-592. See id., 378 (*Cradle, J.*, concurring in the result).

The plaintiff filed a petition for certification to appeal, which we granted, limited to the following issue: "Did the Appellate Court correctly conclude that the plaintiff's failed action did not come within . . . § 52-592 because it was never 'commenced' within the meaning of that statute?" *Laiuppa* v. *Moritz*, 346 Conn. 906, 288 A.3d 628 (2023). Our resolution of this question requires us to ascertain what the legislature intended by using the term "commenced" in § 52-592 (a).

The following legal principles and background are useful in the resolution of this appeal. "When we are called [on] to construe a statute that is implicated by a summary judgment motion, our review is plenary. . . . In determining the meaning of a statute, we look first to the text of the statute and its relationship to other statutes. General Statutes § 1-2z. If the text of the statute is not plain and unambiguous, we may consider extratextual sources of information such as the statute's legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and [common-law] principles governing the same general subject matter . . . . Our fundamental objective is to ascertain the legislature's intent." (Citation omitted; footnote omitted; internal quotation marks omitted.) *Doe* v. *West Hartford*, 328 Conn. 172, 181–82, 177 A.3d 1128 (2018).

Section 52-592, known as the savings statute, "is designed to [e]nsure to the diligent suitor the right to a hearing in court [until] he [or she] reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered

away by any narrow construction. The important consideration is that by invoking judicial aid, a litigant gives timely notice to his [or her] adversary of a present purpose to maintain [the litigant's] rights before the courts." (Internal quotation marks omitted.) *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 733, 557 A.2d 116 (1989). "It is well established that the purpose of § 52-592 (a) is to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his [or her] day in court. . . . The design of the rules of practice is both to facilitate business and to advance justice; they will be interpreted liberally in any case [in which] it shall be manifest that a strict adherence to them will work surprise or injustice. . . . Our practice does not favor the termination of proceedings without a determination of the merits of the controversy [when] that can be brought about with due regard to necessary rules of procedure." (Internal quotation marks omitted.) *Larmel* v. *Metro North Commuter Railroad Co.*, 341 Conn. 332, 345, 267 A.3d 162 (2021), quoting *Rocco* v. *Garrison*, 268 Conn. 541, 558, 848 A.2d 352 (2004). "[T]he savings statute is remedial in nature . . . [and therefore] must be afforded a liberal construction in favor of those whom the legislature intended to benefit . . . ." (Citation omitted; internal quotation marks omitted.) *Dorry* v. *Garden*, 313 Conn. 516, 530, 98 A.3d 55 (2014).

Section 52-592 (a) provides in relevant part: "If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment."

In construing the phrase "commenced within the time limited by law" in § 52-592 (a), we do not write on a clean slate. This court's prior decisions in *Rocco* v. *Garrison*, supra, 268 Conn. 541, and *Dorry* v. *Garden*, supra, 313 Conn. 516, are instructive with respect to the present analysis.

First, in *Rocco*, this court considered whether an action was commenced in a timely manner for purposes of the savings statute. See *Rocco* v. *Garrison*, supra, 268 Conn. 547. *Rocco* involved a motor vehicle accident in which the defendant was a resident of Pennsylvania. Id., 544. The plaintiffs' counsel attempted service under what is now rule 4 (d) (1) of the Federal Rules of Civil Procedure, which is intended to encourage parties to waive formal service of process to save costs. Id., 545–46. The plaintiffs' counsel followed the procedure and sent each of the items required under that federal rule, including the summons and complaint, via certified mail to the defendant's home address and received a return receipt from the United States Postal Service indicating that the items were delivered to the defendant's home address four days before the expiration of the applicable statute of limitations. Id., 546. The defendant did not sign and return the waiver of service form, and the statute of limitations expired before the plaintiffs' counsel could effect formal service of process. Id. The defendant then filed a motion for summary judgment in the plaintiffs' original federal action, which was granted because formal service of process was not made on the defendant during the two year period prescribed by the statute of limitations. Id.

The plaintiffs then commenced a second action in the Superior Court pursuant to § 52-592. Id. The defendant filed a motion for summary judgment, claiming that "the plaintiffs' federal action had not been commenced within the meaning of the savings statute due to a lack of proper service" and, therefore, that "the plaintiffs'

second action was barred by the statute of limitations." Id., 547. The trial court granted the defendant's motion. Id.

On appeal, the plaintiffs asserted that their original federal action was commenced in a timely manner for purposes of § 52-592 because the defendant received clear and unmistakable notice of that action when the summons, complaint and related materials were delivered via certified mail to her home address. Id. The defendant, on the other hand, asserted that an action is not commenced if a defendant is not served properly. See id., 547–48.

This court rejected the defendant's argument, concluding that "[t]he defendant's interpretation of § 52-592 would render a key portion of that statute meaningless. If the savings statute requires effective commencement of the original action, and commencement requires valid service of process, as the defendant argue[d], then any failure of service of process would require us to conclude that no action had been commenced and that the statute does not apply. This would render superfluous one of the principal purposes of the savings statute, namely, to save those actions that have failed due to insufficient service of process. Moreover, the language of § 52-592 distinguishes between the commencement of an action and insufficient service of process by providing that the action may fail following its commencement because of insufficient service. To accept the view that improper or insufficient service defeats such an action would undermine the statute's clear and unambiguous meaning and preclude the filing of a second action. We therefore conclude that the term 'commenced,' as used in § 52-592 [a] to describe an initial action that 'has failed . . . to be tried on its merits because of insufficient service' . . . cannot be construed to mean good, complete and sufficient service

of process, as the defendant contend[ed]." (Citation omitted; emphasis omitted.) Id., 550–51.

This court further reasoned that "[a] review of the record . . . disclose[d] that, although the plaintiffs' counsel did not serve a formal summons [on] the defendant within the time period prescribed by the applicable statute of limitations, all of the requirements of [the applicable federal rule of civil procedure] were satisfied and all of the necessary papers to obtain a waiver of formal service were delivered to the defendant. That the defendant failed to sign and return the waiver [did] not detract from the fact that the plaintiffs' original [federal] action was 'commenced,' for purposes of the savings statute, when the defendant received actual notice of the action within the time period prescribed by the statute of limitations. Thus, in our view, although the original [federal] action was not commenced in a timely manner under the applicable statute of limitations due to insufficient service of process, it nevertheless was commenced for purposes of the savings statute." Id., 552–53.

This court's analysis in *Rocco* demonstrates that the phrase "commenced within the time limited by law" in § 52-592 (a) cannot mean effectuating proper service, or else the statute would be rendered useless. Instead, this court explained that "effective notice" to a defendant is sufficient. Id., 551.

In *Dorry*, this court had another opportunity to construe § 52-592. That case involved a wrongful death action; *Dorry* v. *Garden*, supra, 313 Conn. 518; and, in that case, "the plaintiff sent a writ, summons and complaint to a marshal by overnight delivery and requested that the defendants be served in hand." Id., 520. Although the marshal indicated on the return of service that each defendant was served " 'in hand,' " the marshal actually left copies of the writ, summons and complaint in the

offices of the defendants. Id. The trial court dismissed the first action, and, thereafter, the plaintiff commenced a second action pursuant to § 52-592. Id. The defendants then filed motions to dismiss, which the trial court granted on the basis that the first action was not " 'commenced within the time limited by law,' " as required by § 52-592 (a). Id., 524; see id., 520–21.

Relying on *Rocco*, this court explained that " 'effective notice' " of the original action is sufficient to commence the action for purposes of § 52-592; id., 528; and concluded that two of the defendants had received effective notice within the time period prescribed by the statute of limitations. See id., 530. Specifically, this court explained that those defendants "became aware of the first action and received a copy of the writ, summons and complaint . . . within the statute of limitations." Id., 529.

On appeal to this court, the plaintiff in the present case asserts that the Appellate Court incorrectly interpreted *Dorry* and *Rocco* to require receipt of the writ, summons and complaint within the statute of limitations in order for the action to be "commenced within the time limited by law" for purposes of § 52-592 (a). Instead, the plaintiff asserts that § 52-592 operates to save an action in which a good faith attempt at service of process has been made within the limitation period.

We cannot agree that the savings statute operates to save any action in which a good faith attempt at service of process has been made. Such a reading of § 52-592 and our case law would effectively eliminate any requirement that the action be "commenced," which, for purposes of § 52-592 (a), we have stated, means that the defendant must have actual or effective notice of the action against him or her. See *Dorry* v. *Garden*, supra, 313 Conn. 528–30; *Rocco* v. *Garrison*, supra, 268 Conn. 551–52. Not only did both *Dorry* and *Rocco* rely on the fact that the defendant or the defendants had actual or

effective notice, the importance of this requirement for the fair administration of our justice system cannot be questioned. As this court has explained, the "chief purpose [of service of process] is to ensure actual notice to the defendant that the action is pending." *Smith* v. *Smith*, 150 Conn. 15, 20, 183 A.2d 848 (1962). Although we acknowledge that the savings statute is remedial and should be broadly construed to effectuate its purpose; see, e.g., *Dorry* v. *Garden*, supra, 530; we cannot read it in such a way as to ignore the importance of providing notice to a defendant regarding an action brought against him or her.

A review of our case law demonstrates that we have construed the term "commenced" in § 52-592 (a) to mean actual or effective notice to a defendant that an action is pending through receipt of the summons and complaint. See *Dorry* v. *Garden*, supra, 313 Conn. 528–30; *Rocco* v. *Garrison*, supra, 268 Conn. 551–52. We take this opportunity to clarify what may not have been clear in *Dorry* and *Rocco*, namely, that receipt of the summons and complaint by the defendant *is required* in order for the action to have been "commenced" under § 52-592 (a). It does not matter that the summons and complaint were improperly served for purposes of the savings statute; it matters only that the defendant received those documents within the time permitted by law, even if they were received through improper means.

In the present case, the plaintiff has failed to establish an evidentiary basis to demonstrate that there was a genuine issue of material fact as to whether he was entitled to invoke § 52-592 (a). Specifically, the plaintiff has not established that he had commenced the original action by giving the defendant a copy of the summons and complaint within the time limited by law, specifically, by July 15, 2018. See footnote 1 of this opinion. First, it is undisputed that the marshal's attempt at

abode service was not sufficient because, at that time, the defendant no longer owned or resided at the property, and there was no evidence that she nevertheless received the documents. Second, the plaintiff failed to establish that Vinci had received a copy of the summons and complaint during the time permitted by law. Instead, Vinci submitted two affidavits in which she averred that she did not receive a copy of the summons and complaint until July 17, 2018, which was at least two days after the statute of limitations had expired.

Although Vinci initially learned of the original action on July 13, 2018, which was within the limitation period, through a reservation of rights letter sent by the defendant's insurance carrier, the letter was never submitted as an exhibit and is not part of the court file. Thus, we know only what Vinci averred about the letter. In her affidavit, Vinci averred that the reservation of rights letter "pertained to the [automobile] insurance carrier's reservation of rights with respect to one of the claims made against . . . the defendant" and that "[a] copy of the summons and complaint was not enclosed with the letter . . . ." Thus, on this record, Vinci's receipt of the reservation of rights letter on July 13, 2018, without a copy of the summons and complaint, did not serve to commence the original action.

We conclude that receipt of a summons and complaint by a defendant within the time period required by law, regardless of the manner of receipt, is necessary to commence an action for purposes of § 52-592. In other words, through receipt of the summons and complaint, the defendant not only knows of the existence of the action, but also knows the identity of the parties, the nature of the claims brought against him or her, and the court in which the claims are being brought, so that the defendant can protect his or her rights and defend the action. Without evidence establishing that the defendant herself had received the summons and

complaint within the time limited by law, we cannot conclude that the plaintiff established that the defendant had notice of the original action sufficient to commence the action for purposes of § 52-592.[7]

The judgment of the Appellate Court is affirmed.

In this opinion ROBINSON, C. J., and McDONALD, ALEXANDER and DANNEHY, Js., concurred.

---

[7] The dissent concludes that the original action was commenced because the attorney hired by the defendant's automobile insurance company had entered an appearance on behalf of the defendant within the time limited by law, and the attorney is an agent of the defendant, so the attorney's knowledge should be attributed to the defendant. We disagree. As we explained herein, we conclude that § 52-592 requires that the defendant himself or herself receive a copy of the summons and complaint within the time limited by law. The plaintiff has failed to present any evidence that the defendant had received a copy of the summons and complaint from her attorney or otherwise during the time limited by law. Even if we were to agree with the dissent that the knowledge of the defendant's attorney about the original action can be imputed to the defendant, that is not enough because there is no evidence that the defendant received a copy of the summons and complaint, which we conclude is necessary to commence an action. Therefore, the original action was not "commenced" for purposes of § 52-592 (a).